IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LINDA BRADSHAW, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> THE PRUDENTIAL INSURANCE § <br> COMPANY OF AMERICA, § <br> § <br> Defendant. § <br> § | Case No. 1:23-cv-00295 |

### ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO COMPLAINT

Defendant The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, hereby submits its Answer and Affirmative and Additional Defenses to Plaintiff Linda Bradshaw's ("Plaintiff") Complaint, and states as follows:

### COMPLAINT ¶1:

Plaintiff, **LINDA BRADSHAW**, is a person of the full age of majority, and a resident of Liberty County, Texas.

### ANSWER:

Upon information and belief, Prudential admits the allegations in Complaint Paragraph No. 1.

### COMPLAINT ¶2:

Defendant, **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL")**, is a foreign corporation authorized to do and doing business in the State of Texas in this judicial district.

### ANSWER:

Prudential admits that it is a New Jersey corporation authorized to do, and does do, business within the State of Texas. Prudential denies the remaining allegations in Complaint Paragraph No. 2.

97711138v.4

**COMPLAINT ¶3:**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

**ANSWER:**

Prudential admits that Plaintiff has asserted a claim under the Employee Retirement Income Security Act ("ERISA"), and that as a result, the Court has federal question jurisdiction. Prudential denies the remaining allegations in Complaint Paragraph No. 3, and specifically denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶4:**

Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff is a resident of this district, and a substantial part of the events giving rise to the claim occurred in this district.

**ANSWER:**

Prudential admits that it is not challenging venue in this Court. Prudential denies the remaining allegations in Complaint Paragraph No. 4.

**COMPLAINT ¶5:**

Plaintiff at all material times was employed as an Orthopedic In-Patient Bedside Registered Nurse for CHI St. Luke's Health Memorial Hospital (not a defendant) and a beneficiary and participant in its employee benefits plan ("the Plan"), sponsored and administered for participating employees in the state of Texas and elsewhere.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all material times." Prudential admits that, at certain times, Plaintiff was a registered nurse and, through her employment, was, at certain times, covered under a group insurance policy issued by Prudential (the "policy"). Prudential admits that at certain times Plaintiff was eligible for coverage under the policy by virtue of her employment. Prudential

-3-

admits that Plaintiff did not name "CHI St. Luke's Health Memorial Hospital" as a defendant in this lawsuit. Prudential denies the remaining allegations in Complaint Paragraph No. 5.

**COMPLAINT ¶6:**

Defendant, **PRUDENTIAL**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with CHI St. Luke's Health Memorial Hospital and the Plan to insure the Plan and provide certain claims services relevant here.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all relevant times." Prudential admits that it issued the policy. Prudential admits that it insures certain benefits provided pursuant to the terms and conditions of the policy, and provides certain administrative services related to claims for certain benefits brough by participants pursuant to the terms and conditions of the policy. Prudential denies the remaining allegations in Complaint Paragraph No. 6.

**COMPLAINT ¶7:**

Defendant, **PRUDENTIAL**, insured the Plan and Plaintiff as beneficiary for all benefits at issue herein through an insurance policy ("the Policy").

**ANSWER:**

Prudential admits that it insured certain benefits provided pursuant to the terms and conditions of the policy and that, at certain times, Plaintiff was covered under the policy. Prudential denies the remaining allegations in Complaint Paragraph No. 7, including but not limited to, Plaintiff's assertion that she is entitled to benefits under the policy.

**COMPLAINT ¶8:**

Among other benefits, the Plan and the Policy provided Plaintiff with life and accidental death and dismemberment coverage and benefits and waiver of premium for such coverage and benefits in the event of the beneficiary becoming disabled as defined by the Plan and Policy.

**ANSWER:**

Prudential admits that the policy provides certain benefits to eligible participants, including life and accidental death and dismemberment coverage and an extended death benefit and waiver of premium during total disability ("WOP") benefit, as defined by the policy. The remaining allegations in Complaint Paragraph No. 8 purport to recite the contents of the policy, which speaks for itself and is the best evidence of its contents. To the extent these allegations mischaracterize or are inconsistent with the policy, they are denied.

**COMPLAINT ¶9:**

Beginning June 3, 2020, Plaintiff became, remains, and will continue permanently to be, disabled from her own former occupation, as well as any occupation, as defined by the Plan and the Policy as a result of disabling medical conditions, including arthritis and chronic pain in neck, back, knees, ankles and arms and required medical treatment and medications.

**ANSWER:**

Prudential admits that Plaintiff stopped working for St. Luke's on June 4, 2020 because she claimed to be disabled from working. Prudential denies the remaining allegations in Complaint Paragraph No. 9.

**COMPLAINT ¶10:**

Despite receiving overwhelming proof that Plaintiff qualified for the waiver of premium for the relevant coverage and benefits under the Plan and the Policy terms, **PRUDENTIAL** on initial denial and on appeal, arbitrarily and capriciously refused to provide continued life and accidental death and dismemberment coverage and benefits that Plaintiff is entitled to receive with waiver of premium under the terms of the Plan and the Policy.

**ANSWER:**

Prudential admits that, by letters dated May 4, 2021 and June 1, 2023, Prudential denied Plaintiff's claim for WOP benefits under the policy. Prudential denies the remaining allegations in Complaint Paragraph No. 10.

-5-

**COMPLAINT ¶11:**

Plaintiff has exhausted all required administrative remedies for the claims at issue herein prior to filing this lawsuit.

**ANSWER:**

Prudential admits that as to her current claim WOP benefits under the policy (Claim No. 11963521), Plaintiff has exhausted her administrative remedies. Prudential denies the remaining allegations in Complaint Paragraph No. 11.

**COMPLAINT ¶12:**

Plaintiff incurred attorney's fees in order to pursue the benefits at issue herein from the Plan and the Policy.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Complaint Paragraph No. 12, and are therefore denied.

**COMPLAINT ¶13:**

Plaintiff is entitled to judgment awarding waiver of premium benefits owed under the terms of the Plan and the Policy against Defendant **PRUDENTIAL**.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 13.

**COMPLAINT ¶14:**

Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant **PRUDENTIAL**.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 14.

**COMPLAINT ¶15:**

The standard of review of Plaintiff's claims herein is *de novo*, by virtue of no grant of discretionary authority being properly vested in the ultimate claim decision maker.

97711138v.4

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 15.

**Prayer for Relief**

**WHEREFORE**, Plaintiff **LINDA BRADSHAW**, prays for judgment against Defendant,

1. For declaratory judgment that she is provided life and accidental death and dismemberment coverage and benefits with full waiver of premium for benefits as due Plaintiff under terms of the Plan and the Policy;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

**ANSWER:**

The allegations in the preceding paragraph constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Prudential denies any allegations therein and specifically denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Without prejudice to its denials and other statements of its pleadings, Prudential alleges the following affirmative and additional defenses:

1. Plaintiff fails to state claims upon which relief can be granted.

2. Plaintiff's requests for relief and damages are barred because Prudential fully has performed, satisfied, and/or discharged all of its duties and/or obligations.

3. Plaintiff's request for relief and damages is barred because Prudential did not breach any duty owed.

4. Plaintiff's claim, to the extent that it is based upon representations made outside the applicable written agreements, is barred by the parol evidence rule.

-7-

5.  Plaintiff's claim is barred, in whole or in part, because Plaintiff has not suffered the injury or damages alleged, or any other injury or damages.

6.  Plaintiff's Complaint, and each and every cause of action alleged therein, in whole or in part is barred, because Plaintiff has failed to satisfy certain conditions precedent.

7.  Plaintiff's Complaint, and each and every cause of action alleged therein, in whole or in part is barred, because Plaintiff has failed to satisfy certain conditions precedent, specifically that Plaintiff failed to submit proof of total disability.

8.  There is no vesting of benefits or coverage under the policy, and therefore, Plaintiff must prove entitlement to continuation of group life insurance coverage under the policy.

Prudential reserves its right to amend its answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Prudential denies that Plaintiff is entitled to the relief requested or any relief whatsoever and respectfully submit that the Complaint should be dismissed with prejudice and that Prudential should be awarded their costs and attorneys' fees and any other relief that the Court deems just and proper.

...

-8-

DATED: October 3, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Esteban Shardonofsky
Esteban Shardonofsky
sshardonofsky@seyfarth.com
Texas State Bar. No. 24051323
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

Attorneys for Defendant
The Prudential Insurance Company of America

-9-

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the a true and correct copy of the foregoing instrument to be served upon the following counsel of record by the Court's ECF system on this the 3rd day of October, 2023.

J. Price McNamara
McNamara Law Offices
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
price@jpricemcnamara.com

                                               */s/ Esteban Shardonofsky*
                                               Esteban Shardonofsky
                                               *One of the Attorneys for Defendant*
                                               *The Prudential Insurance Company of America*

97711138v.4